UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDY EMERICH,<br><br>                    Plaintiff,<br><br>      v.<br><br>HARTFORD UNDERWRITERS<br>INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | Case No. 2:12-cv-1231-MMD-VCF<br><br>ORDER<br><br>(Petition for Removal – dkt. no. 1) |

This case comes before this Court through Defendant Hartford Underwriters Insurance Company's ("Hartford") Petition for Removal.  (Dkt. no. 1.)  Plaintiff Judy Emerich filed this action on April 11, 2012, in the Eighth Judicial District Court in Clark County, Nevada, after suffering an automobile accident on November 16, 2012. Emerich alleges various contractual and statutory claims arising out of Hartford's failure to make adequate uninsured/underinsured motorist insurance payments to Emerich pursuant to the automobile insurance policy it issued to Emerich.  According to Hartford, the uninsured/underinsured policy limit was $25,000.

Hartford removed the action on the basis of 28 U.S.C. § 1332.  Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not").  Hartford pled that Emerich is a resident of Nevada while it is a

Connecticut corporation and citizen. Diversity jurisdiction, however, requires a demonstration of citizenship, not merely residence. *See Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction"); *Williams v. McDaniel,* 119 F. Supp. 247, 249 (D. Nev. 1953) (requiring amendment of complaint to allege citizenship, not residence); *see also Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.,* 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit"); *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, [r]esidence and citizenship are not the same thing").

Hartford further pled that, based on Emerich's various claims, the amount in controversy exceeds $75,000. (Dkt. no. 1 at 1.) Since it is not clear from the face of Emerich's complaint that the federal jurisdictional threshold is met, Hartford bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court questions whether Harford has met its burden based on the accounting it offered in its Petition.

For these reasons, Hartford will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Emerich may file a response pursuant to Local Rule 7-2.

IT IS THEREFORE ORDERED that, within 15 days from the entry of this Order, Hartford shall SHOW CAUSE in writing why this case should not be remanded for lack of jurisdiction.

ENTERED THIS 26th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE